# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.W., Z.W., & M.W.**

**No. 14-0018** (Raleigh County 12-JA-156, 157 & 158)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Michael P. Cooke, appeals the Circuit Court of Raleigh County's December 6, 2013, order terminating his parental rights to the children, A.W., Z.W., and M.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Colleen M. Brown-Bailey, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, the DHHR filed an abuse and neglect petition alleging that petitioner's child, M.W., was born with drugs in her system and suffering from withdrawal. The mother admitted to Child Protective Services ("CPS") that she used cocaine intravenously during pregnancy. The petition further alleged that the mother would routinely leave the child in the care of others with little to no notice and was not providing the child with adequate care. As to petitioner, the DHHR alleged that he was in arrears and had never made child support payments for M.W. or his other two children, A.W. and Z.W.[1] Petitioner waived his right to a preliminary hearing.

In February of 2013, the circuit court held an adjudicatory hearing, but the same was continued so that a DNA test could be performed to determine whether petitioner was M.W.'s biological father. After testing confirmed that M.W. was petitioner's biological child, the circuit court held a second adjudicatory hearing in April of 2013, but the hearing was again continued because petitioner was incarcerated and not transported to the hearing.[2] Finally, in June of 2013,

---

[1]At the time the petition was filed below, both A.W. and Z.W. lived in the homes of non-abusing relatives.

[2]According to petitioner, he was incarcerated following a conviction for fraudulent use of a credit card.

the circuit court held a third adjudicatory hearing and found petitioner to be an abusing parent. The next day, petitioner filed a motion for a post-adjudicatory improvement period, which the circuit court denied at a hearing in August of 2013. In November of 2013, the circuit court held a dispositional hearing. Due to confusion regarding the adjudicatory findings, the circuit court reconciled the issue by hearing additional testimony regarding petitioner's care of M.W. before finding that petitioner abandoned the child. The circuit court then terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court denying petitioner a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), a circuit court has discretion to grant a post-adjudicatory improvement period if the parent "demonstrates, by clear and convincing evidence, that [he or she] is likely to fully participate in the improvement period . . . ." The record here is clear that petitioner could not satisfy this burden.

Petitioner's argument in support of awarding a post-adjudicatory improvement period, both in the circuit court and on appeal, is premised upon speculation that he would be able to fully participate "if he were given an alternative sentence," as opposed to incarceration, in his unrelated criminal proceedings. Additionally, petitioner argues that he established he was likely to fully participate in an improvement period because while incarcerated, he participated in substance abuse classes and obtained his GED. However, as respondents point out on appeal, petitioner provided no evidence in support of these claims beyond his own self-serving testimony.

In denying petitioner's motion for a post-adjudicatory improvement period, the circuit court relied upon several factors in determining that petitioner was unlikely to fully participate. These include his lack of contact with the child prior to his incarceration, and "the impossibility of formulating a case plan in view of [petitioner's] incarceration for at least the next several months . . . ." As noted above, petitioner's arguments in support of his motion for an improvement period were highly speculative in regard to his ability to fully participate. We have

previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). For these reasons, we find no error in the circuit court's decision to deny petitioner a post-adjudicatory improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its December 6, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II